RICH MICHAELSON MAGALIFF, LLP
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
Howard P. Magaliff

*Attorneys for Howard P. Magaliff, Chapter 7 Trustee*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| TOWN MASONRY CORP. and | : | Case Nos.  12-22304 (RDD) |
| NEW TOWN CORP., | : | 12-22305 (RDD) |
| | : | (Jointly Administered) |
| Debtors. | : | |

------------------------------------------------------- x

| | | |
|---|---|---|
| HOWARD P. MAGALIFF, as Chapter 7 Trustee | : | |
| of Town Masonry Corp. and New Town Corp., | : | |
| | : | |
| Plaintiff, | : | Adv. Pro. No. 18-08263 |
| | : | |
| – against – | : | |
| | : | |
| HUNTER ROBERTS CONSTRUCTION | : | |
| GROUP LLC, | : | |
| | : | |
| Defendant. | : | |

------------------------------------------------------- x

## STIPULATION OF SETTLEMENT

Howard P. Magaliff (the "Trustee"), as chapter 7 trustee of the bankruptcy estate

of Town Masonry Corp. and New Town Corp. (the "Debtors"), and Hunter Roberts Construction

Group LLC ("Hunter Roberts") hereby stipulate and agree as follows (the "Stipulation"):

**WHEREAS**, the Debtors filed voluntary petitions for relief under chapter 11 of

the Bankruptcy Code on February 9, 2012 (the "Filing Date"), and by Order dated March 16,

2012, the Debtors' cases were procedurally consolidated for joint administration;

**WHEREAS**, by Order dated November 7, 2013, the Court granted the motion of

Capital One, National Association and converted the Debtors' chapter 11 cases to cases under

{00030626v1 }

chapter 7 of the Bankruptcy Code, and the Trustee was appointed as the chapter 7 interim trustee

of the Debtors, and following the section 341 meeting of creditors succeeded as permanent trus-

tee pursuant to section 702(d) of the Bankruptcy Code;

WHEREAS, Hunter Roberts timely filed a proof of claim against the Debtors'

estates, which on March 17, 2014 was amended (the "Hunter Roberts Claim") to state a partially

secured claim against Debtors' estate in the amount of $1,232,508.39;

WHEREAS, on May 15, 2018 the Trustee filed a complaint against Hunter Rob-

erts seeking to recover a pre-petition account receivable of not less than $421,049.30 for the Pro-

ject (the "Receivable") pursuant to §§ 541(a) and 542(a) of title 11, United States Code (the

"Bankruptcy Code");

WHEREAS, Hunter Roberts filed an answer on June 6, 2018 in which it denied

the allegations in the complaint and asserted affirmative defenses largely based upon the Hunter

Roberts Claim;

WHEREAS, the parties engaged in extensive formal and informal discovery;

WHEREAS, the parties participated in mediation; and

WHEREAS, following negotiations the parties have agreed to settle the claims

asserted by the Trustee and Hunter Roberts on the terms and conditions herein.

THEREFORE, in consideration of the promises contained herein and other good

and valuable consideration, the parties stipulate and agree to the following:

1.      Effective Date.  This Stipulation is subject to approval by the Bankruptcy

Court, and shall be effective on the date when it has been approved by the Bankruptcy Court and

becomes final and no longer subject to appeal or rehearing, and the Trustee has received the Set-

tlement Payment (the "Effective Date").

2

2.      Settlement Payment.  Within 30 days of the entry of a final order approving this Stipulation, Hunter Roberts shall pay $35,000 (the "Settlement Payment") to the Trustee in full and final settlement of the Trustee's claims asserted in this adversary proceeding.  The Settlement Payment shall be paid in United States dollars by check of immediately available funds payable to "Howard P. Magaliff, as Trustee" and mailed to the Trustee at Rich, Michaelson, Magaliff, LLP, 335 Madison Avenue, 9th Floor, New York, NY 10017.  Alternatively, upon request Hunter Roberts may wire the Settlement Amount according to instructions that can be provided by the Trustee.

3.      Releases.

a.      As of the Effective Date, the Trustee, for and on behalf of himself and the Debtors' estate, their successors and assigns, will be deemed to have released, acquitted, satisfied, and forever discharged Hunter Roberts and its employees, members, officers, directors, agents, affiliates, successors and assigns from any and all claims that have been or could have been asserted by the Trustee, including the Receivable.

b.      As of the Effective Date, Hunter Roberts, for and on behalf of itself and its employees, members, officers, directors, agents, affiliates, successors and assigns, shall be deemed to have released the Trustee, his professionals, and the Debtors' estate from any and all claims that have been or could have been asserted by Hunter Roberts against the Trustee, his professionals, or the Debtors' estate, including the Hunter Roberts Claim.  No later than the Effective Date, Hunter Roberts shall withdraw the Hunter Roberts Claim.  Hunter Roberts also waives the right to file a claim against the Debtors' estate pursuant to section 502(h) of the Bankruptcy Code because of this Stipulation.

3

4.      <u>Final and Binding</u>.  The terms of this Stipulation are final and binding on the Trustee, Hunter Roberts and all other creditors and parties in interest in the Debtors' bankruptcy cases.

5.      <u>Expenses</u>.  Except as expressly set forth herein, the parties shall bear their own costs, expenses and attorneys' fees incurred in connection with this Stipulation.

6.      <u>New York Law</u>.  This Stipulation shall be interpreted and enforced in accordance with the laws of New York without reference to New York's conflicts of law provisions.  The parties have jointly participated in drafting this Stipulation, and any ambiguities shall not be construed against either party.

7.      <u>Modifications</u>.  This Stipulation may only be modified, altered, amended or waived in a writing signed by both parties.

8.      <u>Retention of Jurisdiction</u>.  The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this Stipulation and to reconcile any disagreement or inconsistency regarding the terms of this Stipulation.

9.      <u>Stipulation of Dismissal, With Prejudice</u>.  Upon the occurrence of the Effective Date, the Trustee shall file a stipulation of dismissal of the adversary proceeding with prejudice, and without costs to either party.

10.     <u>Authorized Signatory</u>.  The signatories to this Stipulation represent that they are authorized to enter this Stipulation.

**[signatures on next page]**

4

11.   _Counterparts_.  This Stipulation may be executed in counterparts, each of which shall be deemed to be an original, but all of which together will constitute one and the same agreement.  This Stipulation may be executed by facsimile signature or by email of a signature in PDF format, which shall have the effect and force as an original signature.

Dated: New York, New York
      May 7, 2020

RICH MICHAELSON MAGALIFF, LLP
Attorneys for the Trustee
By:

_____

HOWARD P. MAGALIFF
335 Madison Avenue, 9th Floor
New York, NY 10017
646.453.7851
_hmagaliff@r3mlaw.com_

Dated: Philadelphia, Pennsylvania
      May 8, 2020

KLEHR HARRISON HARVEY
BRANZBURG LLP
Attorneys for Hunter Roberts
Construction Group LLC
By:

/s/ Gaetano P. Piccirilli
_____
GAETANO P. PICCIRILLI
1835 Market Street, Suite 1400
Philadelphia, PA 19103
215.569.3699
_gpiccirilli@klehr.com_

**So Ordered** on June 9, 2020 in White Plains, New York, there being no objections after due notice of the Trustee's motion for approval hereof.

_/s/Robert D. Drain_
_____
Honorable Robert D. Drain
United States Bankruptcy Judge

{00030626v1 }